JUSTICE HUNT
dissenting.
I disagree with the majority’s conclusion that appellants did not establish a genuine issue of material fact as to whether Beatty’s entry into the highway was the proximate cause of the accident.
Linda Hatch testified that she was startled out of a sleep by the slowing of their car, and her husband’s comment that the snowplow was going to pull out right in front of their car. The record shows that the snowplow did pull out in front of the Hatchs’ car causing them to slow and trapping them until the accident occurred. The fact that Calvin Hatch was able to keep the car under control despite the icy conditions in no way mitigates the potential negligence of Beatty’s entry into the Hatchs’ pathway. The record shows that within 45 seconds to one minute, the accident occurred after the Hatch’s car was blanketed by a snow plume caused by Beatty’s attempt to abruptly withdraw from the wrong lane back into the correct lane. It is at least a question of material fact as to whether by pulling in front of and trapping the Hatchs, the accident which occurred 45 seconds later happened in a natural and continuous sequence, unbroken by any new, independent cause.
There is nothing in the record or the majority’s opinion to show that respondents met their burden of providing the court with evidence which excludes any real doubt as to the existence of a genuine issue of material fact regarding proximate cause. The record supports a conclusion that as to the issue of proximate cause there exists a genuine issue of material fact that should have been presented to the jury.
I would reverse the District Court’s granting of respondent’s motion for summary judgment.
JUSTICE TRIEWEILER joins in the foregoing dissenting opinion.